IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH V. GOTT,

    Plaintiff,

v.

NANCY A. BERRYHILL, Commissioner of
Social Security,

    Defendant.

No. 18-cv-813-RGA

MEMORANDUM OPINION

Presently before the Court are Plaintiff's motion for summary judgment (D.I. 9) and Defendant's cross-motion for summary judgment (D.I. 11). I have reviewed the parties' briefing. (D.I. 10, 12, 14). For the following reasons, I will remand the case for further consideration consistent with this opinion.

## I. BACKGROUND

This action arises from the denial of Plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.[1] Plaintiff filed his benefits application on December 31, 2014. He alleged disability beginning December 31, 2012. His application was denied initially on March 19, 2015, and upon reconsideration on September 25, 2015. Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"). (Tr. at 13).

---

[1] I refer to the record from the administrative proceeding (D.I. 5) as "Tr."

The ALJ held a hearing on July 10, 2017. The ALJ heard testimony from Plaintiff and a vocational expert. Plaintiff also submitted written evidence that the ALJ admitted into the record. The ALJ issued a decision denying Plaintiff's request for Disability Insurance Benefits on August 17, 2017. (*Id.* at 13-22). The ALJ found that, through the date Plaintiff was last insured, he had the following severe impairments: degenerative disc disease of the lumbar spine and a left thumb injury. (*Id.* at 16). Upon consideration of the entire record, the ALJ determined,

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. He could occasionally balance, stoop, kneel, crouch, and crawl. He could occasionally handle and finger with the non-dominant left upper extremity. He could have occasional exposure to extreme cold, vibration, and hazards.

(*Id.*). The vocational expert testified that, in view of Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform the requirements of certain jobs in the national economy. (*Id.* at 21). Based on the testimony of the vocational expert, the ALJ found that Plaintiff was not disabled. (*Id.*).

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. at 1-6). Plaintiff filed this action on May 30, 2018.

## II. LEGAL STANDARD

The Commissioner must follow a five-step sequential analysis when determining if an individual is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine whether the applicant: (1) is engaged in substantial gainful activity; (2) has a "severe" medical impairment; (3) suffers from an impairment that is listed in the regulation's appendix; (4) can still perform past relevant work; and (5) can perform any other work existing in significant numbers in the

national economy. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. § 404.1520).

A reviewing court is limited to determining whether the Commissioner's factual findings are supported by "substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). In reviewing whether substantial evidence supports the Commissioner's findings, the court may not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). The reviewing court must defer to the ALJ and affirm the Commissioner's decision, even if it would have decided the factual inquiry differently, so long as substantial evidence supports the decision. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

The reviewing court must also review the ALJ's decision to determine whether the correct legal standards were applied. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The court's review of legal issues is plenary. *Id.*

### III. ANALYSIS

Plaintiff makes three arguments in support of his motion for summary judgment. First, the ALJ erred by posing a defective hypothetical question to the vocational expert. Second, the ALJ erred by determining that Plaintiff had a residual functional capacity for light work. Third, the ALJ erred in determining the severity of Plaintiff's impairments.

#### A. Defective Hypothetical Question to the Vocational Expert

Plaintiff argues that the ALJ's hypothetical question to the vocational expert was defective because it (1) failed to include Plaintiff's left upper extremity push/pull limitation, (2) relied on outdated non-examining physicians' opinions, and (3) ignored substantial evidence that

supported additional limitations not included in Plaintiff's residual functional capacity. (D.I. 14-18). Because I agree with Plaintiff on the first point, I do not address the latter two.[2]

"A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). An ALJ does not have to include every alleged impairment but only "a claimant's credibly established limitations." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). "Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing evidence but cannot reject evidence for no reason or for the wrong reason." *Id.* (internal quotation marks omitted).

> Here, the ALJ posed the following hypothetical question to the vocational expert:
>
> > I'd like you to assume an individual of the claimant's age, education and work history who can perform work at the light exertional level, who can occasional[ly] climb ramps and stairs, but never ladders, ropes and scaffolds; who can occasional[ly] balance, stoop, kneel, crouch, and crawl; *who can occasionally handle and finger with the non-dominant left hand*[;] and who can have occasional exposure to extreme cold, vibration, and hazards. . . . Would there be jobs that such an individual could perform?

(Tr. at 50-51 (emphasis added)).

Plaintiff argues that the ALJ's question failed to convey Plaintiff's credibly established left upper extremity push/pull limitation. State agency medical consultants provided opinion evidence that Plaintiff was limited in his left upper extremity regarding "[p]ush and/or pull." (Tr. at 64). The ALJ credited that evidence. (*Id.* at 18-19 (noting the consultants found "limited pushing, pulling, handling, and fingering with the left upper extremity," and affording that

---

[2] I doubt that Plaintiff's second and third points have any merit.

4

opinion "great" weight)). To the vocational expert, however, the ALJ only inquired about left hand limitations in handling and fingering and did not mention pushing or pulling. (*Id.* at 16, 21, 50-51).

Plaintiff had a credibly established left upper extremity push/pull limitation. While the ALJ was free to reject the opinion evidence regarding the push/pull limitation, he did not. The ALJ specifically noted the push/pull finding and afforded the opinion "great" weight. (*Id.* at 18-19). The ALJ failed, however, to convey that limitation to the vocational expert when posing his hypothetical question. (*Id.* at 50-51). Therefore, the ALJ's question was deficient and the expert's response is not substantial evidence. *See Chrupcala*, 829 F.2d at 1276. The ALJ's finding that the Plaintiff was not disabled, based on the vocational expert's response, is thus not supported by substantial evidence.

Therefore, I will remand the case to correct the deficiencies in the ALJ's hypothetical question and subsequent analysis.

### B. Residual Functional Capacity for Light Work

Plaintiff argues that the ALJ's finding of residual functional capacity for light work is not supported by substantial evidence. (D.I. 10 at 18-20).

In determining residual functional capacity, the ALJ discussed Plaintiff's testimony, various medical records, and opinion evidence from medical professionals. (Tr. at 16-20). The ALJ afforded "great" weight to the state agency medical consultants' opinions as "consistent with the evidence of record and accommodat[ing] the severe impairments." (Tr. at 18-19). The state consultants' opinions appear to be consistent with a residual functional capacity for light work, excepting the limitations the ALJ identified. *Compare* 20 CFR § 404.1567(b) (defining light work), *with* (Tr. at 16, 64-67 (Dr. Borek), 79-80 (Dr. Kataria affirming Dr. Borek's

5

findings)). The ALJ afforded little or no weight to the contrary opinions from Drs. Eppley, Sowa, Townsend III, Reynolds, Navarro, and Daya. In each case, the ALJ explained why he was rejecting the opinion. (*Id.* at 19-20).

The ALJ's residual functional capacity finding was supported by substantial evidence, namely, the state consultants' opinions. It was within the ALJ's discretion to afford "great" weight to those opinions. The ALJ also provided sufficient reasons for rejecting the contrary opinions. *See Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001).

Therefore, the ALJ did not err by finding that Plaintiff had residual functional capacity for light work.

## C. Severity of Impairments

Plaintiff argues that the ALJ erred by failing to find severe impairments related to right upper extremity pain and hearing loss. (D.I. 10 at 20).

A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The claimant has the burden of showing that an impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

Plaintiff points to his own testimony (Tr. at 40) and physician's notes from October 2015 (*id.* at 595-96) and June 2017 (*id.* at 664-67). Plaintiff was last insured March 31, 2017. (*Id.* at 14). Therefore, the June 2017 note does not support Plaintiff's claim. 20 C.F.R. § 404.131; *Matullo v. Bowen*, 926 F.2d 240, 244 (3d Cir. 1990). The October 2015 note states that Plaintiff complained of "severe, persistent pain in bilateral hands and elbows" (Tr. at 595) and concludes that Plaintiff had loss of pincer grasp in his *left* index finger (*id.* at 596).

The ALJ found two severe impairments: degenerative disc disease of the lumbar spine and a left thumb injury. (*Id.* at 16). I do not think any of the cited testimony undermines the

6

ALJ's conclusion that Plaintiff's right upper extremity pain or hearing loss were not severe. There was very little evidence of right upper extremity pain. The October 2015 note shows that Plaintiff complained of "severe" pain in his "bilateral hands and elbows." (*Id.* at 595). However, the examining physician only noted loss of function in Plaintiff's left hand and did not make any conclusions about Plaintiff's right upper extremity. (*Id.* at 596). The June 2017 note is the only evidence of hearing loss. (*Id.* at 666). There is no evidence of hearing loss prior to March 31, 2017, the date Plaintiff was last insured.

Therefore, the ALJ did not err by concluding that Plaintiff's right upper extremity pain and hearing loss were not severe impairments.

## IV. CONCLUSION

For the foregoing reasons, I find that the ALJ erred by failing to include the upper left extremity push/pull limitation in the hypothetical question posed to the vocational expert. Therefore, I will remand the case for further proceedings consistent with this opinion. A separate order will be entered.

Entered this 30 day of August 2019.

*Richard G. Andrews*
United States District Judge

7